-35-

# EXHIBIT D

1 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
3 tkennedy@sheppardmullin.com
BRETT D. YOUNG, Cal. Bar No. 305657
4 byoung@sheppardmullin.com
333 South Hope Street, 43rd Floor
5 Los Angeles, California 90071-1422
Telephone:   213.620.1780
6 Facsimile:   213.620.1398

7 Attorneys for Defendant
Starbucks Corporation
8

9                 SUPERIOR COURT OF CALIFORNIA

10             COUNTY OF SAN DIEGO, CENTRAL DISTRICT

11

12 DEANN LOPEZ, | Case No. 37-2018-00009144-CU-OE-CTL
13         Plaintiff, | **DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**
14   v. |
15 STARBUCKS CORPORATION; and DOES 1 through 20, inclusive, | **[IMAGED FILE]**
16         Defendants. |
17 | [Complaint Filed: February 22, 2018]

SMRH:485918694.1         DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
-36-

TO PLAINTIFF AND HER COUNSEL OF RECORD:

Defendant Starbucks Corporation ("Defendant") hereby answers the unverified Complaint filed by Plaintiff Deann Lopez ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies the allegations of the Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on the part of Defendant, or on the part of any of Defendant's agents, servants, employees, representatives or any other person or entity for whose acts Defendant is responsible.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. The Complaint, or parts thereof, is barred by the applicable statute of limitations, including but not limited to, Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3. Defendant is informed and believes, and on that basis alleges, that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint and the purported causes of action alleged therein, are untimely and barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Consent)

5. Defendant is informed and believes, and on that basis alleges, that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part because Plaintiff consented to the alleged acts.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff has engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which she now seeks relief.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Justification and Good Faith)

8. Any acts alleged to have been committed by Defendant were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances. At all times relevant, Defendant acted with honesty of purpose and without any improper motive, purpose, or means, and without any hatred, ill will, malice, or intent to injure.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (Comparative Fault/Bad Faith)

9. The damages, if any, allegedly sustained by Plaintiff were proximately caused or contributed to, in whole or in part, by the negligence or other culpable conduct of persons other than Defendant, including without limitation Plaintiff, thereby requiring that the comparative fault of all persons be determined and apportioned.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

10. Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to mitigate her damages, if any, and therefore any damages awarded to her must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

11. Defendant is not liable for Plaintiff's alleged damages as a result of the avoidable consequences doctrine. State Department of Health Services v. Superior Court, 31 Cal. 4th 1026, 1044 (2003). In particular, Defendant is entitled to this defense because: 1) Defendant took reasonable steps to prevent and correct workplace retaliation; 2) Plaintiff unreasonably failed to

use the preventative and corrective measures provided by Defendant; and 3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

## TWELFTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional – Due Process/Excessive Fines)

12. The penalties sought in Plaintiff's Complaint violate the Due Process and Excessive Fines Clauses of the United States and California Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

13. Defendant is informed and believes, and based upon such information and belief alleges that Plaintiff is barred, in part or total, from recovery of any damages, based upon the doctrine of after-acquired evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

14. The Complaint, or parts thereof, is barred for lack of subject matter jurisdiction pursuant to the provisions of sections 3601 and 5300 of the Labor Code inasmuch as the Workers' Compensation Appeals Board is vested with the exclusive jurisdiction over the allegations contained therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Same Decision Regardless of Protected Activity – Mixed Motive)

15. The Complaint, and each and every purported cause of action alleged therein, is barred because Defendant would have made the same decision(s) with respect to Plaintiff's employment even if Defendant had not taken any illegitimate factor(s), which it did not, into account.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Legitimate, Non-Retaliatory Reasons)

16. Defendant denies that it engaged in the conduct attributed to it by Plaintiff. However, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges that the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on legitimate business reasons and non-retaliatory factors.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Acts Outside Scope of Employment)

17. If Defendant's employees or any of them committed the acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and not by agents of Defendant, and, thus, Defendant is not liable for such acts.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

18. Defendant is informed and believes, and based thereon alleges, the Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to sustain the imposition of punitive damages against Defendant pursuant to California Civil Code section 3294.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Business Necessity)

19. Defendant is informed and believes, and based thereon alleges, that any and all conduct of which Plaintiff complains, and which is attributed to Defendant, was privileged and justified as a matter of business necessity.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Preventive/Corrective Opportunities)

20. Defendant exercised reasonable care to prevent and to correct any unlawfully discriminatory and/or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred to the extent that they are based on such alleged discrimination or retaliation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff take nothing by reason of the Complaint and that judgment be rendered in favor of Defendant;

3. That Defendant be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and,

4. For such other and further relief as the Court deems proper.

Dated: April 11, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
TRACEY A. KENNEDY
BRETT D. YOUNG
Attorneys for Defendant STARBUCKS CORPORATION

# PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On April 11, 2018, I served true copies of the following document(s) described as **DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

> Thomas W. Byron, Esq.
> Tyler J. Buck, Esq.
> Byron & Edwards, APC
> 530 B Street
> Ste. 610
> San Diego, CA  92101
> Tel.: 619-400-5880
> Fax: 619-400-5881
> email:  tbuck@bemapc.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 11, 2018, at Los Angeles, California.

*/s/ Donna J. McCurdy*
Donna J. McCurdy